127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Carlos HERNANDEZ-ANGULO, Defendant-Appellant.
 No. 96-10486.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 16, 1997.**
Decided Sept. 25, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, Chief District Judge.
 Before BROWNING, CHOY and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlos Hernandez-Angulo entered into a conditional plea of guilty to one count of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Angulo appeals the district court's denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As determined by the district court, probable cause supported the stop and search of the vehicle Angulo was driving.
 
 
 3
 Investigators had evidence that Artemio Garcia Bravo, a codefendant, was engaged in narcotics trafficking and had obtained a wiretap on Bravo's home and his business, the El Ahorro Market. Prior to Angulo's arrest, investigators had intercepted another drug courier after the courier met with Bravo under circumstances very similar to those in which Angulo met with Bravo. The courier drove to the El Ahorro Market. Bravo and the courier then drove separate cars to Bravo's residence. After approximately forty-five minutes, the courier left Bravo's residence. Investigators stopped the courier's car and discovered eighteen ounces of cocaine.
 
 
 4
 While conducting surveillance of Bravo, investigators intercepted a conversation which they interpreted as confirmation that narcotics were available for pick up. Investigators then observed Angulo drive to the El Ahorro Market and observed Angulo and Bravio drive in separate cars to Bravo's home. While at Bravo's home, investigators observed Angulo by the trunk of his car with a package. Officer Lopez was behind Angulo's car when an undercover narcotics officer pointed the car out to him. Lopez followed Angulo, stopped him for an unsafe lane change, and discovered approximately one kilogram of cocaine in the trunk.
 
 
 5
 Considering all the circumstances, the officers had more than sufficient evidence to believe Angulo had obtained narcotics from Bravo. See United States v. Vizcarra-Martinez, 66 F.3d 1006, 1011-12 (9th Cir.1995). Probable cause existed for the search. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3